UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
LUIS GONZALEZ,

                        Case No. 20 CV 2326

              Plaintiff,

                        **COMPLAINT**

      -against-

CITUSA PARK AVENUE, LLC d/b/a IBEROSTAR 70
PARK AVENUE HOTEL.

             Defendant.
------------------------------X

      Plaintiff Luis Gonzalez ("Plaintiff" or "Gonzalez"), through his undersigned attorney, as and for his complaint against defendant Citusa Park Avenue, LLC d/b/a Iberostar 70 Park Avenue Hotel ("Iberostar" or "Defendant") alleges as follows:

## NATURE OF ACTION

      1.    This is an action under state and federal law for unpaid wages and salary discrimination.

## THE PARTIES

      2.    Plaintiff Luis Gonzalez resides in Bronx County.

      3.    Defendant is a limited liability company organized under the laws of the State of New York. Defendant operates an Iberostar hotel at 70 Park Avenue in Manhattan.

      4.    On information and belief, Defendant is wholly owned and controlled by Iberostar Group, a Spanish limited corporation (*sociedad anónima*) with its principal place of business in Palma de Mallorca, Spain. Iberostar Group operates more than 100 hotels across Europe and the Americas.

5. From about February 2017 to April 2019, Defendant employed Gonzalez as a Night Shift Manager at the 70 Park Avenue Iberostar hotel in Manhattan.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7. Venue is proper in this Court and vicinage, because Plaintiff was employed by Defendant in Manhattan, and a substantial part of the events or omissions giving rise to his claims took place at the 70 Park Avenue Iberostar hotel operated by Defendant.

## FACTUAL ALLEGATIONS

8. For almost all, if not all, workweeks during Gonzalez's employment by Defendant and throughout the term of Gonzalez's employment, Gonzalez was required to and in fact did work more than 45 hours per workweek.

9. At all relevant times, Defendant regularly required Gonzalez to work, and Gonzalez in fact worked, a 9-hour workday, from 11 p.m. to 8 a.m, at least five days per week.

10. On a regular basis, Defendant additionally required Gonzalez to cover others' shifts on his off days and to work 12-hour shifts on some of these days. As a result, Gonzalez was required to work, and did in fact work, as much as 54 hours or more per workweek on a regular basis.

11. Defendant failed to pay Gonzalez at all for hours he worked in excess of 40 hours per workweek.

12. Defendant failed to pay Gonzalez one-and-a-half times his regular rate of pay for hours he worked in excess of 40 hours per workweek.

13. Throughout the term of Gonzalez's employment, Defendant provided Plaintiff with pay statements reporting the basis of his salary as hourly and misreporting Plaintiff's hours worked

2

on pay statements as 40 hours per workweek. On information and belief, this misreporting was intentional and designed to avoid overtime reporting triggers in Defendant's payroll provider's system.

14. Throughout the term of Gonzalez's employment, Defendant regularly required him to work workdays that exceeded ten hours but failed to pay him spread-of-hours wages for these workdays.

15. On information and belief, Defendant also discriminated against Gonzalez in terms of compensation on the basis of race, national origin, and immigration status.

16. Defendant paid Gonzalez substantially less than his predecessor, despite Gonzalez's greater qualifications for the position.

17. Plaintiff Gonzalez is Hispanic, of Dominican origin, and a recent immigrant, each of which is a protected class under federal, state, or city law. His predecessor was not a member of any of these protected classes.

18. At all relevant times, there was no legitimate basis for paying Gonzalez less than his predecessor.

19. On information and belief, Defendants' conduct was malicious, wanton, and reckless or in willful disregard for Plaintiff's rights.

## JURY DEMAND

20. Plaintiff demands a trial by jury on all claims so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (FLSA Overtime Pay Violations)

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

23. At all relevant times, Defendant was part of an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act. At all relevant times, Defendant solicited and accommodated international and out-of-state travelers and on information and belief Defendant's annual gross volume of business done is well in excess of $500,000.

24. At all relevant times, Defendant failed to pay Plaintiff for overtime hours worked.

25. Defendant's failure to pay overtime wages to Plaintiff was willful, in that Defendant knew or showed reckless disregard for the issue of whether Defendant's conduct was prohibited under the FLSA.

26. Plaintiff is entitled to an award of damages for unpaid overtime wages plus an award of liquidated damages equal to the amount of unpaid overtime wages, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (New York Labor Law Overtime, Spread of Hours, and Notice Violations)

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendant failed to pay overtime wages for all hours worked in excess of 40 hours per week in violation of New York Labor Law Article 19 and the Minimum Wage Order for the Hospitality Industry, 12 NYCRR §§ 146-1.1 *et seq.*

29. Plaintiff is entitled to an award of damages for unpaid overtime wages, all reasonable attorney's fees, and prejudgment interest.

30. Defendant failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate before allowances, for every day when Plaintiff's workday from start to finish was longer

than ten hours, in violation of New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and the Minimum Wage Order for the Hospitality Industry, 12 NYCRR §§ 146-1.1 *et seq.*

31. Plaintiff is entitled to an award of damages for unpaid spread of hours wages, all reasonable attorney's fees, and prejudgment interest.

32. On information and belief, Defendant's failure and refusal to pay Plaintiff overtime and spread of hours wages was willful. Defendant cannot prove a good-faith basis to believe that its underpayment of wages was in compliance with the law.

33. Plaintiff is entitled to an award of liquidated damages equal to the amount of unpaid wages pursuant to New York Labor Law § 198(1-a).

34. Defendant failed to provide Plaintiff with the notices required by New York Labor Law § 195(1). Accordingly, Plaintiff is entitled to recover fifty dollars for each work day that the violations occurred, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees pursuant to New York Labor Law § 198(1-b).

35. Defendant failed to provide Plaintiff with the notices required by New York Labor Law § 195(3). Accordingly, Plaintiff is entitled to recover two hundred fifty dollars for each work day that the violations occurred, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees pursuant to New York Labor Law § 198(1-d).

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
**(Salary Discrimination in Violation of Title VII)**

36. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. At all relevant times, Defendant was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*

38. At all relevant times, Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*

39. On information and belief, Defendant discriminated against Plaintiff with respect to his compensation because of his Hispanic race, in violation of 42 U.S.C. § 2000e-2(a)(1).

40. On information and belief, Defendant discriminated against Plaintiff with respect to his compensation because of his Dominican national origin, in violation of 42 U.S.C. § 2000e-2(a)(1).

41. Defendant filed a charge with the New York State Division of Human Rights, which sent the charge to the EEOC for dual filing purposes.

42. On December 20, 2019, the EEOC issued a Notice of Right to Sue letter indicating that it was mailed to Plaintiff on December 20, 2019 and that Plaintiff may file a lawsuit "within 90 days of your receipt of this notice."

43. As a proximate result of Defendant's discrimination in terms of compensation, Plaintiff was paid less than he would have been, both in terms of his regular rate of pay and with respect to his overtime pay.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT**
**(Salary Discrimination in Violation of the New York Labor Law)**

44. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff was an employee of Defendant within one or more protected classes.

46. At all relevant times, Plaintiff was paid a wage at a rate less than the rate at which his predecessor was paid for equal work on the same job.

47. On information and belief, this differential was not based on any basis permitted by New York Labor Law § 204.

48. Plaintiff is entitled to an award of damages equal to the amount he would have been paid if Defendant had paid him a wage at the same rate an employee without his status in the protected classes of which he is a member would have been paid.

49. Plaintiff is entitled to an award of attorney's fees, and prejudgment interest pursuant to New York Labor Law § 198(1-a).

50. On information and belief, Defendant's discrimination in terms of pay was willful.

51. Pursuant to New York Labor Law § 198(1-a), Plaintiff is entitled to an award of liquidated damages no less than one hundred percent of the amount he was underpaid and up to three hundred percent of the amount he was underpaid.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT
**(Salary Discrimination in Violation of the New York City Human Rights Law)**

52. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Defendant meets the definition of a covered entity within the meaning of the N.Y.C. Human Rights Law.

54. On information and belief, Defendant discriminated against Plaintiff in compensation because of his actual or perceived race, national origin or alienage or citizenship status, in violation of N.Y.C. Human Rights Law § 8-107(a)(3).

55. As a proximate result of Defendant's violations, Plaintiff is entitled to recover damages in an amount to be proven at trial.

56. Defendant's conduct was taken with malice and/or reckless indifference to Plaintiff's rights, including his rights under New York City law, entitling him to punitive damages under the New York City Human Rights Law.

57. As a further proximate result of Defendant's unlawful employment practices, Plaintiff has had to incur attorney's fees, costs, and expenses, which Plaintiff is entitled to recover at trial.

58. A copy of this Complaint will be sent to the New York City Commission on Human Rights and the New York City Corporation Counsel in accordance with Section 8-502(c) of the Administrative Code.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANT
(Quantum Meruit)

59. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. By its actions stated above, Defendant wrongfully failed to pay Plaintiff the reasonable value of the services performed by him for Defendant.

61. Plaintiff has therefore been damaged in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANT
(Unjust Enrichment)

62. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. By its actions stated above, Defendant was unjustly enriched by services performed by Plaintiff for Defendant.

64. The circumstances between Plaintiff and the Defendant are such that equity and good conscience require Defendant to make restitution.

65. Plaintiff has therefore been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gonzalez demands the following relief from Defendant:

A. An award of compensatory, statutory, and liquidated damages from Defendant in an amount to be determined at trial;

B. An award of punitive damages from Defendant for their intentional and malicious misconduct in an amount to be determined at trial;

C. An award of attorneys' fees, interest and costs, in an amount to be determined at trial; and

D. Such other and further relief as the Court deems just, proper and equitable.

Dated: March 16, 2020
New York, New York

The Law Offices of Scott Caplan, P.C.
By: /s/ Scott Charles Caplan
Scott Charles Caplan

34-18 Northern Blvd., Ste. B28
Long Island City, NY 11101
(929) 344-5545
scott@scottcaplanlaw.com

*Attorney for Plaintiff Luis Gonzalez*